FILED
2025 Jan-07 AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| **WESLEY WHITLOCK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 3:24-cv-843-CLS** |
| | ) | |
| **UNITED PARCEL SERVICES, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

This action is before the court on the petition of defendant, United Parcel Services, Inc., for attorney's fees incurred in making its motion to compel discovery responses. Doc. no. 19.

This court granted defendant's motion to compel on December 9, 2024, and directed plaintiff to show cause in writing why he should not be ordered to pay defendant's reasonable expenses and attorney's fees incurred in preparing and filing its motion to compel, as a sanction under Federal Rule of Civil Procedure 37(a)(5).[1] Plaintiff offered the following justification for his failure to provide timely and complete discovery responses:

> 1. On or about November 8, 2024, a draft version of Plaintiff's discovery responses was inadvertently sent to opposing counsel. This

---

[1] Doc. no. 16.

> draft, while addressing the majority of the interrogatories and requests for production, did not fully incorporate certain specific details requested by opposing counsel, including precise dates and additional information related to the claims at issue.
>
> 2. Upon receipt of opposing counsel's notification of the deficiencies, undersigned counsel promptly engaged in further discussion with the Plaintiff to obtain the additional information necessary to supplement and amend the responses. This additional step required time to ensure the responses were complete and fully addressed opposing counsel's concerns.
>
> 3. The deficiencies in the initial responses were the result of inadvertence and not due to any intentional disregard of the discovery process or this Court's orders. Plaintiff has worked diligently to cure these deficiencies and has since provided amended and supplemental responses addressing the issues raised.
>
> 4. Plaintiff respectfully submits that the initial deficiencies do not warrant imposition of sanctions, as there was no willful misconduct or deliberate delay. The deficiencies have now been corrected, and Plaintiff remains committed to compliance with the discovery rules and this Court's directives moving forward.

Doc. no. 18 (Plaintiff's Response to Court's Inquiry Regarding Deficient Discovery Responses).

Federal Rule of Civil Procedure 37(a)(5)(A) requires the court, after giving the opportunity to be heard, to direct the party or counsel whose conduct necessitated a motion to compel to pay the movant's reasonable expenses and attorney's fees incurred in making the motion. That mandate is subject to three exceptions, however. Sanctions should not be ordered if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

In this case, the following series of events, which is not disputed by plaintiff, occurred: Defendant served by electronic mail interrogatories and requests for production on plaintiff's counsel on September 20, 2024, and plaintiff's counsel acknowledged receipt on that same date.[2] The Federal Rules of Civil Procedure required plaintiff to respond to the discovery requests within thirty days of being served — *i.e.*, by October 21, 2024. *See* Fed. R. Civ. P. 33(b)(2) & 34(b)(2)(A). Plaintiff did not object, answer, or request an extension of time by that date. Defendant's counsel inquired by electronic mail about the status of the discovery requests on October 28, 2024, but received no response.[3] Consequently, defendant's counsel formally requested, by letter dated November 4, 2024, that plaintiff's counsel

---

[2] Doc. nos. 15-1, 15-2, 15-3.

[3] Doc. no. 15-4.

provide answers and responses to the discovery requests by the close of business on November 8, 2024, failing which, he intended to file a motion to compel.[4]

Plaintiff provided discovery responses on November 8, 2024, but they were incomplete in various respects. Defendant's counsel identified the deficiencies with specificity and, in a November 11, 2024 electronic mail message, asked plaintiff's counsel to correct them.[5] Defendant's counsel identified additional deficiencies on November 15, 2024, and asked plaintiff's counsel to supplement plaintiff's responses no later than November 22, 2024.[6]

When plaintiff's counsel still did not supplement the responses, defendant's counsel advised plaintiff's counsel on November 26, 2024, that he would file a motion to compel if the supplemental responses were not received by December 3, 2024.[7] On November 27, 2024, plaintiff's counsel informed defendant's counsel that "Mr. Whitlock and I are working to complete his discovery responses. I apologize for the delay."[8] Plaintiff's counsel did not meet the December 3rd deadline, and defendant filed a motion to compel on December 5, 2024.[9] As stated above, the court

---

[4] Doc. no. 15-5.

[5] Doc. no. 15-6.

[6] Doc. no. 15-7.

[7] Doc. no. 15-8.

[8] *Id.*

[9] Doc. no. 15.

granted the motion, and only then did plaintiff provide supplemental discovery responses.[10]

Upon consideration, the court concludes that none of the exceptions to the mandatory imposition of sanctions under Rule 37(a)(5) apply. First, defendant's counsel's good faith efforts to obtain the discovery without court action are well documented.

Second, plaintiff's failure to provide the discovery was not "substantially justified." Plaintiff's counsel attributes the failure to timely respond to the discovery requests to his inadvertent submission of "draft" discovery responses. Even the draft responses, however, were submitted to defendant's counsel well beyond the thirty-day deadline prescribed by Rules 33(b)(2) and 34(b)(2)(A). Moreover, after defendant's counsel specifically identified deficiencies in plaintiff's responses — on more than one occasion — plaintiff entirely failed to respond. That conduct does not constitute a "genuine dispute," nor could "reasonable people . . . differ as to the appropriateness of the contested action."

Finally, the court finds no other circumstances that would make an award unjust.

Defendant's counsel seeks $3,670.00 as reasonable expenses for making the

---

[10] *See* doc. no. 17 (Notice of Service of Discovery Documents), filed Dec. 18, 2024.

motion to compel.[11] That amount represents 9.1 hours at an hourly rate of $400.[12] Defendant's counsel states that the rate is his usual and customary rate for labor and employment matters, and that it falls within the range of rates awarded within the Northern District of Alabama.[13] The court concludes that the amount of time expended and the hourly rate of $400 are appropriate and reasonable.

Accordingly, defendant's petition for an award of attorney's fees incurred in preparing a motion to compel is GRANTED. Plaintiff is ORDERED to pay to counsel for defendant the amount of Three Thousand Six Hundred Forty and 00/100ths Dollars ($3,640.00) for the reasonable expenses incurred in making the motion to compel. The amount ordered is due no later than thirty days following entry of this order.

DONE this 7th day of January, 2025.

Senior United States District Judge

[11] Doc. no. 19 (Defendant's Petition for Attorney's Fees Incurred in Preparing Motion to Compel & Reply to Plaintiff's Response to Show Cause Order).

[12] *Id.* at 5.

[13] *Id.* at 5-6 (citing cases).