FILED
2025 Apr-02 PM 02:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| **WESLEY WHITLOCK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 3:24-cv-843-CLS** |
| | ) | |
| **UNITED PARCEL SERVICES, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the court on the petition of defendant, United Parcel Services, Inc., for attorney's fees incurred in making its ***second*** motion to compel discovery responses. Doc. no. 23.

This court granted defendant's second motion to compel on March 20, 2025, and directed plaintiff to show cause in writing why he should not be ordered to pay defendant's reasonable expenses and attorney's fees incurred in preparing and filing its motion to compel, as a sanction under Federal Rule of Civil Procedure 37(a)(5).[1]

Plaintiff offered the following justification for his failure to provide timely and complete discovery responses:

> 1. Plaintiff acknowledges the Court's Order granting Defendant's Motion to Compel to the extent that Plaintiff must provide full and

---

[1] Doc. no. 22.

> complete responses to Defendant's Requests for Production 43-46 within ten (10) days of the Order.
>
> 2. Plaintiff sincerely regrets any misunderstanding or delay in providing the requested discovery responses. Plaintiff did not willfully disregard his discovery obligations but was under the good-faith belief that he had fully complied with all outstanding discovery requests.
>
> 3. Plaintiff misunderstood the continuing nature of discovery and the additional requests for production, which led to his belief that all necessary disclosures had been made, despite clear instructions from his counsel.
>
> 4. Plaintiff has taken immediate steps to rectify this issue and is in the process of supplementing his responses in full compliance with the Court's Order.

Doc. no. 24 (Plaintiff's Response to Defendant's Motion to Compel Discovery Responses and Document Production). Plaintiff asks the court to decline to exercise its discretion to award attorney fees to defendant as a sanction, "as the failure to provide full responses was not intentional but rather a result of confusion regarding ongoing discovery obligations."[2] Finally, plaintiff promises to comply with all future discovery obligations "in a timely and complete manner."[3]

Federal Rule of Civil Procedure 37(a)(5)(A) requires the court, after giving the opportunity to be heard, to direct the party or counsel whose conduct necessitated a motion to compel to pay the movant's reasonable expenses and attorney's fees

[2] Doc. no. 24 (Plaintiff's Response to Defendant's Motion to Compel Discovery Responses and Document Production) ¶ 5.

[3] *Id.* ¶ *6.*

incurred in making the motion. That mandate is subject to three exceptions, however. Sanctions should not be ordered if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The undisputed series of events leading to defendant's first motion to compel is recounted in the court's Order entered on January 7, 2025, awarding fees to defendant.[4]

Thereafter, on January 9, 2025, counsel for defendant formally requested plaintiff's responses to its Second Set of Requests for Production, which were served on plaintiff by electronic mail on November 12, 2024, and were due on December 12, 2024.[5] When plaintiff did not respond, counsel for defendant again wrote to plaintiff's counsel on January 17, 2025, seeking responses, and included a draft

---

[4] Doc. no. 20 (Order), at 3-4.

[5] Doc. no. 21-1.

motion to compel.[6] Only then did plaintiff provide responses.

Counsel for defendant served plaintiff with its First Set of Requests for Admission, Second Set of Interrogatories, and Third Set of Requests for Production on January 29, 2025.[7] The Federal Rules of Civil Procedure required plaintiff to respond to the discovery requests within thirty days of being served — *i.e.*, by February 28, 2025. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A) & 36(a)(3). Plaintiff did not object, answer, or request an extension of time by that date. Defendant's counsel spoke to plaintiff's counsel by telephone on March 3, 2025, about the outstanding discovery requests, but plaintiff still did not provide responses.[8] Accordingly, counsel for defendant requested, by letter dated March 7, 2025, that plaintiff provide responses by March 14, 2025, failing which she intended to file a motion to compel.[9] Again, plaintiff did not provide responses by that date. Defendant filed a motion to compel on March 19, 2025.[10]

As stated above, the court granted the motion, and only then did plaintiff provide discovery responses.[11]

---

[6] Doc. no. 21-2.

[7] Doc. nos. 21-4, 21-5, 21-6.

[8] Doc. no. 21-7.

[9] *Id.* The letter was authored by the petitioner's co-counsel, Laura C. Emadi.

[10] Doc. no. 20.

[11] *See* doc. no. 25 (Notice of Service of Discovery Documents), filed Mar. 31, 2025.

Upon consideration, the court concludes for the following reasons that none of the exceptions to the mandatory imposition of sanctions under Rule 37(a)(5) apply. First, defendant's counsel's good faith efforts to obtain the discovery without court action are well documented.

Second, plaintiff's failure to provide the discovery was not "substantially justified." Plaintiff's counsel's explanation is wholly unavailing, and strains credulity in the face of his record of non-compliance with discovery obligations, as detailed in this Order and the Order entered on January 7, 2025. Despite defendant's counsel's repeated requests to plaintiff's counsel for responses to discovery, he utterly failed to respond, or did so only with threatened or actual court intervention. That conduct does not constitute a "genuine dispute," nor could "reasonable people . . . differ as to the appropriateness of the contested action."

Finally, the court finds no other circumstances that would make an award unjust.

Defendant's counsel seeks $1,880.00 as reasonable expenses for making the motion to compel.[12] That amount represents 4.7 hours at an hourly rate of $400.[13] Defendant's counsel states that the rate is his usual and customary rate for labor and

[12] Doc. no. 23 (Defendant's Petition for Attorney's Fees Incurred in Preparing Motion to Compel).

[13] *Id.* at 2.

employment matters, and that it falls within the range of rates awarded within the Northern District of Alabama.[14] The court concludes that the amount of time expended and the hourly rate of $400 are appropriate and reasonable.

Accordingly, defendant's petition for an award of attorney's fees incurred in preparing a motion to compel is GRANTED. Plaintiff is ORDERED to pay to counsel for defendant the amount of One Thousand Eight Hundred Eighty and no/100ths Dollars ($1,880.00) for the reasonable expenses incurred in drafting and filing the subject motion to compel. The amount ordered is due no later than thirty days following the date of entry of this order.

DONE and ORDERED this 2nd day of April, 2025.

Senior United States District Judge

[14] *Id.* at 3 (citing cases).